***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. Accordingly, the Full Commission AFFIRMS with minor modifications, the Opinion and Award of the Deputy Commissioner.
 *********** *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner in a pretrial agreement as:
 STIPULATIONS
1. It is stipulated that all parties are properly before the Commission and that the Industrial Commission has jurisdiction over the parties and subject matter.
2. It is stipulated that all parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. It is stipulated that the parties were subject to the Worker's Compensation Act at the time of the employee's injury.
4. It is stipulated that an Employer/Employee relationship existed between the parties at the time of the employee's injury.
5. Defendant-Employer in this case is Jimmy L. Hewitt Painting and the Carrier liable on the risk is Companion Property Casualty Group.
6. The parties stipulate that the employee suffered a compensable injury to his left upper extremity on or about July 20, 2006.
7. The parties stipulate that the employee's compensation rate is $343.67.
8. The employee was paid the entire day of his injury.
 * * * * * * * * * * *
The following documentary evidence was received as:
 EXHIBITS
1. Stip. Ex. #1-Meds, IC Forms, Defendants' Discovery Responses, Plaintiff's Discovery Responses *Page 3 
2. Depositions-Linwood Bellamy, Dr. John Knab, Dr. Richard Leighton and Dr. Patrick Boylan
 * * * * * * * * * * *
Based upon all of the competent evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of hearing before Deputy Commissioner Phillips, Plaintiff was 53-years-old having completed the 10th
grade of high school and without a GED.
2. Plaintiff was working as a painter with Jimmy Hewitt Painting on July 20, 2006 and was power washing and preparing a house for painting. Plaintiff testified that he and another employee had sprayed Clorox around a house to prepare for pressure washing and as Plaintiff followed the owner of the house and a co-worker outside onto the deck, his feet slipped out from under him, causing him to fall. Plaintiff landed on his left shoulder area.
3. Plaintiff's wife took him to the emergency room that same day where his arm was placed in a sling and he was referred to Dr. Leighton.
4. Plaintiff returned to work with Defendant-Employer painting baseboards the week after his compensable injury. Plaintiff testified that this duty was difficult to perform with his arm being in a sling.
5. Two weeks later, Defendant-Employer terminated Plaintiff. At the time Plaintiff was terminated, he remained under physical restrictions and limitations due to his compensable injury by accident.
6. Plaintiff was eventually seen by Dr. Leighton on July 21, 2006. On August 3, 2006, Dr. Leighton diagnosed Plaintiff with a probable torn rotator cuff. Dr. Leighton performed *Page 4 
arthroscopic surgery on August 25, 2006 and found a torn labrum, a very large rotator cuff tear and an osacromiale fragment off the front part of Plaintiff's shoulder.
7. On September 27, 2006, Plaintiff returned to Dr. Leighton with increased stiffness. Dr. Leighton referred Plaintiff for pain management on December 6, 2006 to determine whether nerve block injections would be helpful.
8. Plaintiff presented to Dr. John Knab for pain management on January 3, 2007 after the referral by Dr. Richard Leighton. Plaintiff reported shoulder pain that had continued from the time of his work-related incident. Dr. Knab performed a suprascapular nerve block to relieve pain and stiffness in the shoulder.
9. Plaintiff experienced only short-term relief from the nerve blocks. After June 4, 2007 Plaintiff again reported short-term relief from the nerve block, Dr. Knab recommended an MRI of the cervical spine. On July 9, 2007, Plaintiff's MRI was reviewed and revealed a disk herniation at C5-C6, a disk bulge at C4-C5 and it showed that the left C6 nerve root was being pressed by the disk bulge.
10. On July 31, 2007, Dr. Knab recommended diagnostic procedures and injected a local anesthetic, rather than a steroid, into Plaintiff's cervical spine/neck, rather than the shoulder area. Dr. Knab testified to a reasonable degree of medical *Page 5 
certainty and the Full Commission also finds that this procedure was administered to determine whether the clinical manifestations of pain were coming from Plaintiff's neck.
11. Dr. Leighton testified to a reasonable degree of medical certainty and the Full Commission finds that the purpose of the diagnostic procedure was to look for a referred source of pain, specifically the cervical spine. Dr. Leighton testified to a reasonable degree of medical certainty and the Full Commission so finds that Dr. Knab's neurosurgeon referral was necessitated by and was related to Plaintiff's July 20, 2006 fall.
12. Plaintiff returned to Dr. Knab on August 23, 2007 and reported that the previous injection was the best relief he had received. Dr. Knab testified to a reasonable degree of medical certainty and the Full Commission so finds that Plaintiff had intrinsic shoulder pain due to the pathology that occurred at the time of Plaintiff's shoulder injury that was not fully treated by Plaintiff's shoulder surgery. Dr. Knab further testified that he thought Plaintiff had a manifestation of pain from the C5-C6 disk bulge.
13. On August 23, 2007 Dr. Knab recommended Plaintiff treat with a neurosurgeon and referred him to Dr. Van Huffmon for the purpose of determining whether he thought that surgery would be indicated for the disk bulge in Plaintiff's neck.
14. Plaintiff returned to Dr. Knab on September 5, 2007 with pain in his neck, left shoulder and left arm. Dr. Knab testified to an expert opinion herein deemed credible and accepted as fact, that the local anesthetic had blocked Plaintiff's pain and the findings of the MRI and the results of the block injections suggested that Plaintiff's pathology was coming from the C5-C6 disc. Dr. Knab thus administered a left C6 nerve root block with local anesthetic. Dr. Knab testified that he decided to offer injections on a more infrequent basis until Plaintiff was treating with a neurosurgeon.
15. Dr. Knab testified to a reasonable degree of medical certainty that Plaintiff's fall in July of 2006 originally disrupted the C5-C6 disk in Plaintiff's neck, causing him to have cervical radiculopathy in addition to his shoulder problem. Dr. Knab further testified in an expert opinion herein deemed credible and accepted as fact that Plaintiff's MRI revealed a disk *Page 6 
problem that did occur as a result of Plaintiff's July 20, 2006 fall and also revealed a pre-existing bony problem, which was asymptomatic prior to his fall.
16. Dr. Knab also testified in an expert opinion herein deemed credible and accepted as fact, that the recommended treatment with Dr. Huffmon, the neurosurgeon, was reasonably necessary to effect a cure, provide relief and lessen the period of the Plaintiff's disability to his neck for which Dr. Knab was providing treatment for.
17. Dr. Leighton testified to an expert opinion herein deemed credible and accepted as fact that the MRI and the diagnostic nerve root test and block indicated that the source of Plaintiff's ongoing pain is the cervical spine. Dr. Leighton further offered an expert opinion herein deemed credible and accepted as fact, that it was his medical opinion to a reasonable degree of medical certainty that, more likely than not, Plaintiff's cervical symptoms were caused by his July 20, 2006 fall.
18. Dr. Leighton testified that Plaintiff was at maximum medical improvement for his left shoulder and that he had assigned a 15% permanent partial disability rating to the left arm/shoulder.
19. Plaintiff testified that he is still experiencing pain in his neck and is willing to visit a neurosurgeon as Dr. Knab has recommended.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW *Page 7 
1. Plaintiff suffered an injury to his left upper extremity and neck arising out of and in the course of his employment with Defendant-Employer on July 20, 2006. N.C. Gen. Stat. § 97-2(6).
2. Based upon the competent evidence of record and the expert medical testimony, the Full Commission concludes that Plaintiff's cervical condition is a direct result of his July 20, 2006 injury. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff is entitled to medical treatment including the neurosurgical consultation recommended by Dr. Knab so long as such treatment lessens the period of disability, effects a cure or provides relief. N.C. Gen. Stat. § 97-25.
4. Plaintiff is entitled to be paid benefits as a result of his disability rating assigned by Dr. Leighton. N.C. Gen. Stat. § 97-31.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay for and provide the recommended neurosurgical consultation with Dr. Huffmon.
2. Defendants shall also pay for all medical expenses incurred for the treatment of Plaintiff's July 20, 2006 compensable injuries to his left shoulder and neck to the present and continuing so long as said treatment is reasonably necessary to effect a cure, provide relief and/or lessen any periods of disability.
3. Defendants shall pay the costs.
 This the __ day of December 2008. *Page 8 
 S/_________________________
 DANNY LEE McDONALD
 COMMISSIONER
CONCURRING:
 S/_________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_________________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1